# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **SANDRA KAY JETT-REVETTA***, | § | |
| *Plaintiff,* | § | |
| | § | **Case No.** |
| **v.** | § | **1:21-CV-00121** |
| | § | |
| **CITY OF BASTROP** | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SANDRA KAY JETT-REVETTA ("Kay Revetta" or "REVETTA"), is a former employee of Defendant, CITY OF BASTROP (the "City" or "BASTROP"), and brings this action for violations of Title VII, the ADEA, and the TCHRA for intentional and disparate treatment discrimination on the basis of race and age; and, for retaliation up to and including termination.

In March of 2017, Ms. Revetta had been a successful, exemplary employee for the City of Bastrop for about seven years, and the State of Texas for thirty years prior to that. That March, the city hired a new city manager, Ms. Lynda Humble, who came in to "increase efficiency." Ms. Revetta, as City Executive Assistant was troubled by disparate treatment and bias aimed at black employees, which she had witnessed from her position. When she complained, her complaints were dismissed by her superiors and the city

council without investigation.  Instead, the City soon thereafter, disciplined Ms. Revetta

for "her attitude" putting her on a performance plan.  Things were never the same from

that point forward as Ms. Revetta was alienated, scrutinized, harassed, and humiliated.  In

August 2019, discouraged, Ms. Revetta again complained, filing a charge with the U.S.

Equal Employment Opportunity Commission.  Within eight days, she was discharged—

the City expressly citing the fact that several white employees, whom it had surveyed

upon notice of the charge, admitted they did not want to work with Ms. Revetta for fear

of receiving a complaint about their own conduct.

## I.

### PARTIES, JURISDICTION, AND VENUE

**A.      Parties**

(1)     Plaintiff, SANDRA KAY JETT-REVETTA is a 60-year-old black female and

resident of Bastrop County, Texas.  Plaintiff may be served through her attorney,

Alfred Trudeau, Attorney and Counselor at Law, PLLC, 3575 Far West Blvd

#27621, Austin, TX 78755.  Plaintiff is an employee within the meaning of Title

VII and TCHRA, and belongs to a class protected under the statute; namely, a

black female over the age of 40.

(2)     Defendant, CITY OF BASTROP ("BASTROP") is a chartered city and maintains

its principal place of business at 1311 Chestnut Street, Bastrop, Texas 78602 in

Bastrop County, Texas.  Defendant BASTROP is an employer under the relevant

statutes and is engaged in affecting commerce within the meaning of the Texas

Human Rights Act and Title VII. Defendant BASTROP, at all relevant times, employed over fifty employees in the current or preceding calendar year within the meaning of the Texas Human Rights Act and Title VII.

**B.**     **Basis for Jurisdiction**

(3)     This action is brought to remedy discrimination on the basis of race and age and to remedy retaliation against an employee for protected activity, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq.; and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 et seq. Declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g), and Tex. Lab. Code § 21.251-262.

(4)     This Court has jurisdiction pursuant to 28 U.S.C. §1331 with respect to the causes of action brought under Title VII and pendent jurisdiction pursuant to 28 U.S.C. § 1367 for the causes of action under TCHRA.

(5)     All conditions precedent to suit have been satisfied as Plaintiff inquired to the United States Equal Opportunity Commission ("U.S. EEOC") on August 21, 2019 (EEOC Inquiry No. 451-2019-03616), filed a timely charge of discrimination with the EEOC on December 11, 2019 and received her "Notice of Right to Sue" letter on November 9, 2020.

(6)     Plaintiff has made an effort to confer and resolve this dispute by mutual agreement

prior to bringing this complaint.

**C.     Venue**

(7)     Venue is proper in the District and Division under 28 U.S.C. § 1391(b)(2) and 42

U.S.C. § 2000(e)-5(f)(3).

(8)     The nucleus of events giving rise to this action occurred at or near Defendant

BASTROP's City Hall located at 1311 Chestnut Street, Bastrop, Texas 78602;

which is where Defendant required Plaintiff to work.

**II.**

**STATEMENT OF FACTS**

**A.     Kay Revetta Witnesses and Reports Racial Discrimination and Bias**

(9)     Kay Revetta is 60 years of age, as of the filing date of this complaint.

(10)    Plaintiff was hired by the City of Bastrop on February 1, 2011, as the full-time

City Executive Assistant. She was paid a base salary plus overtime. Kay Revetta

was an excellent employee throughout her nine years with the City of Bastrop.

Kay Revetta was obviously qualified for her position.

(11)    Prior to her hire with Bastrop, Plaintiff completed a successful 31-year career

working for the State of Texas. Kay Revetta was an excellent employee

throughout her tenure with the State of Texas

(12)    In March of 2017 the City of Bastrop hired a city manager, Ms. Lynda Humble,

who implemented her racial biases under the guise of "operational efficiency" and

"organization excellence." Ms. Humble, by her pattern of conduct, gave others license to discriminate against employees and applicants based on race and age biases.

(13)    Kay Revetta registered complaints of racial discrimination and bias against the City of Bastrop and, in particular, her superiors, Ms. Lynda Humble, Ms. Traci Chavez, and Ms. Tanya Cantrell.

(14)    The City of Bastrop failed to maintain Ms. Revetta's privacy in accordance with policy and common notions of decency and fair dealing.

(15)    The City of Bastrop allowed Ms. Revetta's supervisor, Ms. Traci Chavez, with the assistance of her best friend, HR Director Tanya Cantrell, to continually harass and alienate Ms. Revetta. Adding insult to injury, Ms. Cantrell and Ms. Chavez publicly shamed Ms. Revetta by falsely claiming she was unqualified for her position as the executive assistant.

(16)    The City of Bastrop fostered an environment of nepotism and back channel communication that enabled fair employment rules to be broken and bias and discrimination to take hold. In one ironic example, Ms. Cantrell promoted her close personal friend, Ms. Chavez to Deputy City Manager, a position to which Ms. Chavez was explicitly unqualified/uncertified to hold (while, at the same time, bullying Ms. Revetta by ridiculously claiming Ms. Revetta was unqualified for her position.)

(17)   The City Council of the City of Bastrop was publicly dismissive of Ms. Revetta's racial bias complaints and criticized her for filing her complaints—the council never having investigated the matter.  Rather, the city council accepted the city manager's denial without investigation, giving force and effect to her racial bias.

(18)   The City of Bastrop terminated Ms. Revetta for unlawful reasons.  The city failed to provide substantive complaints against her.  The City failed to give Ms. Revetta notice of any conduct in which it disapproved.

(19)   The City of Bastrop failed to provide Ms. Revetta with due process according to the active employee policy.

(20)   The City has so far done nothing to rectify the financial and emotional harm it has done to Ms. Revetta, and the racial and reputational harm to the community and the City of Bastrop itself.

**B.    Discrimination against Plaintiff in Pay, Assignment, Promotion, and Recognition and Harassment Including Racial Humiliation, Alienation, and Intimidation**

(21)   Defendant had a practice of reviewing employees yearly and providing raises and promotions based on review.  However, Defendant failed to review Plaintiff's performance at any time prior to 2017, the date she registered a discrimination grievance/complaint.

(22) Plaintiff complained, inter alia, that the City Manager, Ms. Lynda Humble, was discriminating against black employees in her employment decisions. Complaints to supervisors and the city council went unresolved.

(23) After her outcries, the City, its supervisors, and its employees alienated Plaintiff and treated her with animus and suspicion.

(24) In response to the unfair treatment, Ms. Kay Revetta filed a grievance and days later on or around July 13, 2018, Plaintiff arbitrarily wrote Defendant up and placed her on a performance improvement plan (PIP) in contravention to its own policies. Plaintiff had been working successfully for over seven years and was singled out—under the biased pretext of "efficiency"—based on her race and age and in retaliation for her complaints about racial bias. The City based its decision to place Ms. Revetta on a PIP on vague, indeterminate reasons regarding her "attitude" without expressing a single act or omission to that effect.

(25) The City of Bastrop, thus, retaliated against Ms. Revetta for spurious reasons, which gave force and effect to the bias of other employees and supervisors who were somehow divining her "attitude."

(26) Nonetheless, Ms. Revetta met the conditions of her PIP and was not subject to any further disciplinary action or counseling until her termination without notice.

(27) The disciplinary action impacted Plaintiff's ability to obtain pay raises and promotion and singled her out among peers as the "underperforming black employee."

(28)    The City of Bastrop restricted Ms. Revetta' work tasks based on wrong-headed notions about her ability/work product.

(29)    While Ms. Revetta was taking a paid holiday leave, the City of Bastrop demoted Ms. Revetta without notice and in contravention to its employment policy.

(30)    Additionally, Plaintiff was subjected to a hostile and offensive work environment, which consisted of derogatory comments, badgering, and humiliation lodged because she is a black woman who complained of disparate treatment, because she was presumed to be "inefficient" based on racial bias, and because she complained of previous racial bias directed at other black employees.

**C.    Ultimate Retaliatory Act: Discharge**

(31)    On or around August 29, 2019, without warning or notice, Defendant BASTROP fired Plaintiff and exited her from the premises.

(32)    Defendant BASTROP gave Plaintiff an unlawful excuse for the termination, namely that white employees did not want to work with her because she had complained about racial bias. In so doing, Defendant failed to follow its own employment policies, which it did follow for similarly situated white employees.

(33)    Plaintiff met or exceeded the performance expectations she had been provided over the prior six months and the prior twelve months. At no time was Plaintiff counseled or otherwise given notice that her performance was lacking or her job in jeopardy.

(34) The Defendant gave as the reason for the discharge that other city employees were uncomfortable working with Plaintiff because she had filed complaints about racial bias. The city specifically noted at her discharge that other white employees felt uncomfortable working with Ms. Revetta out of concern that their own conduct would be reported. As previously mentioned, Plaintiff filed an EEOC charge with the U.S. EEOC on August 21, 2019. When the City of Bastrop was notified of the complaint, it surveyed Plaintiff's peers and supervisors who said they were uncomfortable working with Plaintiff because she had filed her complaint. Based on their feelings, the Defendant immediately fired the Plaintiff without warning. The City of Bastrop, thus, gave force and effect to the racial animus of Ms. Revetta's peers and supervisors and discharged her based on THEIR unwillingness to work with an older, black woman who exercised her Constitutional rights with the U.S. Equal Employment Opportunity Commission.

## III.

## FIRST CAUSE OF ACTION

## (Disparate Treatment Discrimination in Violation of Title VII and ADEA)

(35) Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

(36) Defendant has discriminated against plaintiff in the terms and conditions of her employment on the basis of her race and age in violation of Title VII.

(37)  Defendant through the conduct of its employees and managers has knowingly

permitted, condoned or acquiesced to Plaintiff's harassment and exposure to a

hostile work environment on the basis of race and age.  The harassment was both

severe and pervasive.

(38)  Defendant failed to effectively remediate the known hostile environment in a

timely manner.

(39)  Defendant has undertaken these discriminatory practices willfully or with reckless

disregard for the rights of Plaintiff and other black employees. Such rights are

protected under Title VII.

(40)  Plaintiff alleges Defendant, through its management and City Council, ignored

outcries of harassment and discrimination by failing to investigate and publicly

dismissing claims of injustice without investigation.

(41)  Plaintiff alleges Defendant condoned and attempted to cover up its employees'

harassing conduct by maintaining the status quo and failing to remedy the

injustice.

(42)  In addition, Defendant has discharged plaintiff in whole or in part by reason of her

race and/or age in violation of the ADEA, Title VII, and the TCHR.  Similarly

situated non-black employees and employees under the age of 40 were not

harassed, alienated, put on performance plans, and discharged despite actual

violations of policy and procedures.

(43)    Fellow workers insisted they would not work with Ms. Revetta due to her

complaints and management gave effect to their discriminatory intent by demoting

and isolating the Plaintiff and ultimately, discharging her.

(44)    The effect of the actions complained of has been to deprive Plaintiff of equal

employment opportunities and adversely affect her status as an employee because

of her race and age and to retaliate against Plaintiff for her complaints and for

making her complaints known. Defendant did not discharge other similarly

situated employees who were not black women and over the age of forty and who

did not exercise their right to speak out against racial bias.  In some cases,

Defendant allowed those employees to be promoted without the requisite

qualifications.

(45)    Defendant's actions in forcing her to work in the hostile environment intentionally

or negligently inflicted Plaintiff with severe and continuing emotional distress.

(46)    Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of defendant's discriminatory practices unless and

until this Court grants relief.

## III.

## SECOND CAUSE OF ACTION

## (Disparate Treatment Discrimination in Violation of TCHRA)

(47)    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at

length verbatim.

(48)    Defendant has discriminated against plaintiff in the terms and conditions of her

employment on the basis of her race and age in violation of TCHRA.

(49)    Defendant has violated the Texas Commission on Human Rights Act, Texas Labor

Code § 21.001 et seq., by discharging Plaintiff and/or discriminating against

Plaintiff in connection with compensation, terms, conditions or privileges of

employment because of Plaintiff's sex and age.

(50)    Such discrimination by BASTROP against Plaintiff was intentional. Accordingly,

Plaintiff is entitled to recover damages from BASTROP for back pay, front pay,

past and future pecuniary losses, emotional pain and suffering, inconvenience, loss

of enjoyment of life, and other non-pecuniary losses.

(51)    This discrimination was done by Defendant with malice or with reckless

indifference to Plaintiff's state-protected rights and Plaintiff is also entitled to

recover punitive damages in a sum which is in excess of the minimum

jurisdictional limit of this Court.  Plaintiff was alienated and harassed up the entire

chain of command including her supervisor,

(52)    Plaintiff is also entitled to recover all costs of court, attorneys' fees and expert fees

as allowed by Texas Labor Code Ann. § 21.259.

# V.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of Title VII and TCHRA)

(53) Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

(54) Plaintiff was discriminated against in retaliation for making a discrimination complaint and opposing discrimination by Defendant.

(55) Further Plaintiff was discharged eight days after and because she filed an EEOC charge.

(56) Plaintiff suffered adverse employment actions as a result of her complaint, and there is a causal connection between the making of the discrimination complaint, the participation in a discriminatory practice and the adverse employment actions.

(57) Plaintiff was discharged, in whole or in part, due to her internal complaints and external complaints about discrimination based on her race and age.

(58) Defendant's retaliation has cost Plaintiff only source of livelihood, and has denied her opportunities for further employment and career advancement on the basis of her having complained of discrimination, in violation of Title VII and TCHRA.

(59) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

# VI.

## FOURTH CAUSE OF ACTION

### (Attorneys' Fees)

(60)    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

(61)    The preparation and filing of this Complaint have necessitated the hiring of attorneys.  Plaintiff seeks to recover reasonable and necessary attorneys' fees as allowed by Title VII and the Texas Human Rights Act.

# VI.

## DEMAND FOR A TRIAL BY JURY

(62)    Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury in this action.

# VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

a)  For actual damages provided by law and all damages alleged in this Complaint;

b)  For liquidated and punitive damages as allowed by law;

c)  For compensatory damages;

d)  For pre-judgment and post-judgment interest as allowed by law;

e)  For costs of court, costs of prosecuting Plaintiff's claim; and attorneys' fees and expert fees;

f)  For such other and further relief to which Plaintiff may be justly entitled;

g) For declaratory relief that the acts complained of are in violation of Title VII, ADEA, and TCHRA;

h) For Injunctive Relief requiring defendant to reinstate Plaintiff with backpay and appropriate raises;

i) For Injunctive Relief requiring defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices do not affect plaintiff's employment opportunities; and

j) For such other and further relief as this Court deems necessary and proper.

## VII.

## CERTIFICATION

I certify to the best of my knowledge and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Alfred R. Trudeau*
**Alfred R. Trudeau**
Texas State Bar No. 240936449

**ALFRED R. TRUDEAU, ATTORNEY AND COUNSELOR AT LAW, PLLC**
3575 Far West Blvd #27621
Austin, TX 78755
(512) 522-6396 Office
(866) 251-6042 Fax
trudeauwork@gmail.com

## CERTIFICATE OF SERVICE

I, **ALFRED TRUDEAU**, certify that a true copy of the above and foregoing, with

summons, has been served by placing same in the United States Mail, certified mail with

return receipt requested, on February 4, 2021, addressed to:


**THE CITY OF BASTROP**
1311 Chestnut Street
Bastrop, Texas 78602


Courtesy Copy to:

Alan Bojorquez
**BOJORQUEZ LAW FIRM, PC**
11675 Jollyville Rd, Ste 300
Austin, Texas 78759
*Defendant's Attorney*


/s/ Alfred R. Trudeau
Alfred R. Trudeau
Texas State Bar No. 240936449

**ALFRED R. TRUDEAU, ATTORNEY AND
COUNSELOR AT LAW, PLLC**
3575 Far West Blvd #27621
Austin, TX 78755
(512) 522-6396 Office No.
(866) 251-6040 Fax No.
trudeauwork@gmail.com